UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:99-00013 |
| | ) | JUDGE CAMPBELL |
| TIMOTHY LAMONT ROBERTSON | ) | |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court is the Defendant's *pro se* Motion To Appoint Counsel (Docket No. 71), raising application of the recent Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The Court has appointed counsel for the Defendant, and has required the preparation of a supplemental presentence report and the filing of a response by the Government. (Docket Nos. 72, 77). For the reasons set forth herein, the Court concludes that the Defendant is not entitled to relief.

II. Procedural Background

The Defendant pled guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Docket No. 45). At the subsequent sentencing hearing, the Court determined that the applicable guideline sentencing range was 77 to 96 months of imprisonment, based on a total offense level of 21 and a criminal history category of VI. (Docket Nos. 55, 56). The Court applied United States Sentencing Guideline 2K2.1 in determining the total offense level, which required an increase for the Defendant's prior felony drug conviction. The Defendant's criminal history category of VI was based on a total of 26

criminal history points. The Court imposed a sentence of 77 months of imprisonment. (Id.)

The Defendant appealed the judgment, and the Sixth Circuit affirmed. United States v. Timothy Lamont Robertson, 63 Fed. Appx. 851 (6th Cir. Apr. 28, 2003).

III. Analysis

The Defendant requests that the Court apply the decision in Johnson to reduce his sentence. The Government argues that the Johnson decision does not apply.

In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" as follows, with the residual clause set forth in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). The Johnson Court's decision did not call into question the remainder of the

Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563. The Supreme Court has subsequently held that the Johnson decision applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

The Sixth Circuit has applied the Johnson decision to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2).[1] United States v. Pawlek, 822 F.3d 902 (6th Cir. 2016).

None of this authority applies to reduce the Defendant's sentence, however, because he was not sentenced as an Armed Career Criminal or a Career Offender, nor was his sentence

---

[1] Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*
>
> (b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(Emphasis added).

based on any statute or guideline containing language similar to that invalidated in Johnson.

Accordingly, the Defendant's Johnson claim is without merit.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE